**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**LIN HTET PAING,**
Plaintiff,
v.
**HD OF ROXBURY, LLC d/b/a PARKWAY HONDA,**
Defendant.

Civil Action No. ____________

**COMPLAINT**

**NOVEMBER 16, 2026**

## INTRODUCTION

1. This action arises from the servicing of a used 2022 Honda Civic Sport (the "Vehicle") that Plaintiff Lin Htet Paing purchased from Defendant HD of Roxbury, LLC d/b/a Parkway Honda ("Parkway Honda"). Two weeks after the sale, Parkway Honda's service department replaced the Vehicle's instrument cluster with a used cluster taken from another vehicle, causing the Vehicle's odometer to register approximately 17,166 miles that Mr. Paing never drove. Parkway Honda did not reset the odometer or contemporaneously affix the notice federal and state law require, and it later affixed a backdated doorframe notice whose figures do not reconcile with its own repair records.

2. As a result, the Vehicle's odometer no longer reflects its true mileage, the Vehicle's value has been substantially reduced, and the instrument-cluster defects that prompted the repair have never been corrected.

3. Mr. Paing asserts claims under the federal Odometer Act, 49 U.S.C. § 32701 *et seq.*; the Massachusetts Uniform Commercial Code; the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*; the Massachusetts odometer statute, M.G.L. c. 266, § 141; and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

## PARTIES

4. Plaintiff Lin Htet Paing is an individual residing at 86 Nottinghill Road, Brighton, MA 02135.

5. Defendant HD of Roxbury, LLC d/b/a Parkway Honda is a limited liability company with a principal place of business at 1575 VFW Parkway, West Roxbury, Massachusetts 02132. It is a licensed Massachusetts motor vehicle dealer that sells and services used motor vehicles.

## JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction over the Odometer Act claim under 28 U.S.C. § 1331, and the Odometer Act independently authorizes this civil action to be brought "in an appropriate United States district court." 49 U.S.C. § 32710(b).

7. This Court has supplemental jurisdiction over the Magnuson-Moss Warranty Act claim and the Massachusetts statutory and common-law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the Odometer Act claim.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Parkway Honda resides in Massachusetts and the events and omissions giving rise to the claims, including the sale of the Vehicle, the replacement of its instrument cluster, and the affixing of the odometer-repair notice, occurred at Parkway Honda's dealership in West Roxbury, Massachusetts.

## FACTUAL ALLEGATIONS

***The Purchase of the Vehicle***

9. The Vehicle is a used 2022 Honda Civic Sport, Vehicle Identification Number 2HGFE2F59NH605696.

10. On or about November 6, 2024, Mr. Paing purchased the Vehicle from Parkway Honda under a Retail Installment Sale Contract under which HD of Roxbury, LLC was the seller-creditor. Mr. Paing purchased the Vehicle primarily for personal, family, or household purposes.

11. At the time of sale, Parkway Honda also sold Mr. Paing a vehicle service contract for the Vehicle.

12. At delivery, the Vehicle's odometer read approximately 29,323 miles, which was consistent with its true mileage.

***The Instrument-Cluster Replacement***

13. At the time of sale, a "blind spot system" error was displaying on the Vehicle's dash, even though the Civic Sport trim is not equipped with a blind-spot information system.

14. Approximately two weeks after the sale, Mr. Paing returned the Vehicle to Parkway Honda's service department to address the blind-spot error.

15. Rather than diagnose and correct the condition properly, Parkway Honda replaced the Vehicle's instrument cluster with a used instrument cluster taken from another vehicle, which carried that other vehicle's higher mileage.

16. Parkway Honda's repair order for that visit, opened November 20, 2024 and invoiced April 2, 2025, records the Vehicle's mileage in as 29,831 and its mileage out as 46,997, an increase of 17,166 miles that Mr. Paing never drove.

17. That repair order lists $0.00 in parts and does not document any instrument-cluster replacement. It states that the Vehicle does not have a blind-spot indicator system and that the Vehicle needed to be sent to a speed shop to have the odometer "programed."

18. Parkway Honda's repair records misidentify the Vehicle as a Civic EX rather than the Civic Sport that Mr. Paing purchased. Whatever the source of that misidentification, the cluster work did not resolve the blind-spot error, and after the work the Vehicle's drive-mode and automatic-start functions did not work.

19. Parkway Honda knew at the time of the instrument-cluster replacement that the Vehicle's odometer no longer registered its true mileage. Its own repair order for that visit recorded the Vehicle's mileage in as 29,831 and its mileage out as 46,997, a 17,166-mile increase while the Vehicle was in Parkway Honda's possession, and a November 27, 2024 entry on that repair order recorded the 29,831-mile reading and that the Vehicle "NEEDS TO BE SENT TO SPEED SHOP TO BE PROGRAMMED." When an odometer is replaced and the mileage it registers cannot remain the same, federal law requires that the odometer be adjusted to read zero and that a written notice be attached to the left door frame of the vehicle specifying the mileage before the replacement and the date of the replacement. 49 U.S.C. § 32704(a). Parkway Honda nevertheless returned the Vehicle to Mr. Paing without adjusting the odometer to read zero and without attaching any such notice.

20. Parkway Honda's service records reflect a pattern of carelessness in recording the Vehicle's mileage. Among other things, its repair order opened October 21, 2025 records the Vehicle's mileage as 51,477, a lower figure than the 51,497 miles recorded on its repair order opened April 2, 2025, and the odometer-repair notice it

affixed states “before” and “after” readings of 31,450 and 51,353 miles that match neither its November 2024 repair order nor the Vehicle’s actual mileage.

***The Backdated Odometer-Repair Notice***

21. Parkway Honda did not reset the Vehicle’s odometer to its prior reading or to zero and did not contemporaneously attach to the left door frame a written notice of the Vehicle’s true mileage before the replacement and the date of replacement.

22. Only after Mr. Paing complained did Parkway Honda affix an odometer-repair notice to the Vehicle’s door frame. That notice is dated February 7, 2025, states a “before” reading of 31,450 miles and an “after” reading of 51,353 miles, and was not placed on the Vehicle until after Mr. Paing’s complaint.

23. The figures on the notice do not reconcile with the mileage recorded on Parkway Honda’s own repair order, which recorded 29,831 miles in and 46,997 miles out.

***The Unresolved Defects***

24. Since the cluster was replaced, the blind-spot error has continued to display, and the Vehicle’s drive-mode and automatic-start functions have not worked. Parkway Honda’s November 20, 2024 repair order itself records Mr. Paing’s complaint that the Vehicle was stuck in ECON mode and that nothing happened when he toggled the driving modes. On September 22, 2026, Mr. Paing advised Parkway Honda’s service manager in writing that the blind-spot error was still displayed and that the drive-mode and automatic-start functions still did not work.

25. On August 12, 2026, Parkway Honda recorded Mr. Paing’s complaint that the odometer was off, and the automatic start was not working, stated that the Vehicle

needed to have its battery replaced because it "MAY BE RELATED," and replaced the battery at Mr. Paing's expense. The problems remain.

26. These conditions have gone unresolved for nearly two years despite Mr. Paing's repeated efforts, including communications with Parkway Honda's service manager and a request to American Honda Motor Co., Inc. (Case No. 16234883).

27. The Vehicle's odometer now reads approximately 63,000 miles, while its actual mileage is approximately 46,000 miles.

***Pre-Suit Chapter 93A Demand***

28. By letter dated October 14, 2026, and delivered to Parkway Honda by email on October 14, 2026, Mr. Paing, through counsel, served on Parkway Honda a written demand for relief under M.G.L. c. 93A, § 9, that identified Mr. Paing, described the unfair and deceptive acts and practices relied upon, and described the injury suffered. The demand also gave notice of Parkway Honda's violation of the federal Odometer Act and its breach of the implied warranty of merchantability.

29. On November 13, 2026, Parkway Honda, through counsel, responded to the demand by email. Parkway Honda denied liability, offered no payment of money, and offered only to "help trade him into a newer, similar car."

30. Parkway Honda's response was not a written tender of settlement that was reasonable in relation to the injury actually suffered by Mr. Paing, for reasons including the following:

(a) the offer stated no trade-in value for the Vehicle, no price or identity of any replacement vehicle, and no treatment of Mr. Paing's outstanding loan balance, and was therefore too indefinite for its value to be ascertained;

(b) the offer would have required Mr. Paing to enter into a new purchase transaction with Parkway Honda, rather than compensating him for the diminished value of the Vehicle he owns;

(c) the offer did not address Parkway Honda's failure to reset the odometer to zero, its failure to affix a contemporaneous and accurate door-frame notice, or the inaccurate mileage now recorded for the Vehicle; and

(d) the offer did not address the unresolved blind-spot, drive-mode, and automatic-start defects, which Parkway Honda asserted had not been reported to it, although Mr. Paing had reported them in writing.

31. In any event, a tender of settlement under M.G.L. c. 93A, § 9(3), if found reasonable, limits only Mr. Paing's recovery under Chapter 93A. It does not cap, satisfy, or otherwise affect Mr. Paing's separate statutory entitlements to damages, costs, and attorney's fees under the federal Odometer Act and M.G.L. c. 266, § 141, or his other claims.

***Damages***

32. As a direct and proximate result of Parkway Honda's conduct, the Vehicle's odometer overstates its mileage by approximately 17,166 miles. A used vehicle's value depends directly on its recorded mileage, and the discrepancy has substantially reduced the Vehicle's value, in an amount to be proven at trial.

33. Had Parkway Honda complied with the Odometer Act, the odometer would have been adjusted to read zero and a door-frame notice would have recorded the pre-replacement mileage, so that the Vehicle's true mileage could be determined at any time by adding the odometer reading to the recorded pre-replacement mileage. Because

Parkway Honda did not do so and instead installed a cluster carrying another vehicle's mileage and affixed a notice whose figures do not reconcile with its own records, the Vehicle's true mileage cannot be verified from the odometer, and on any future transfer Mr. Paing will be required to disclose that the actual mileage is unknown. That disclosure obligation further and substantially diminishes the Vehicle's value, beyond any diminution attributable to the additional 17,166 miles alone.

34. Mr. Paing continues to pay for, and owes a substantial balance on, a vehicle whose odometer no longer reflects its true mileage. He has also incurred out-of-pocket costs, including the cost of the battery Parkway Honda replaced at his expense, and further incidental and consequential damages.

## COUNT I

### Violation of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq*.

35. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

36. The Odometer Act prohibits any person from using, installing, or having installed "a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven." 49 U.S.C. § 32703(1).

37. The Odometer Act further provides that a person may service, repair, or replace an odometer only if the mileage registered remains the same, and that if the mileage cannot remain the same, the person must adjust the odometer to read zero and attach a written notice to the left door frame of the vehicle specifying the mileage before the service, repair, or replacement and the date of the service, repair, or replacement. 49

U.S.C. § 32704(a). It also prohibits any person, with intent to defraud, from removing or altering such a notice. 49 U.S.C. § 32704(b).

38. Parkway Honda violated the Odometer Act by installing in the Vehicle a used instrument cluster that caused the Vehicle's odometer to register approximately 17,166 miles more than the Vehicle was driven.

39. Parkway Honda further violated the Odometer Act by replacing the Vehicle's odometer without keeping the registered mileage the same, without adjusting the odometer to zero, and without contemporaneously attaching the required written notice to the left door frame, and by thereafter affixing a backdated notice whose figures do not reconcile with its own repair records.

40. Parkway Honda acted with intent to defraud, or with reckless disregard for the truth. As a licensed motor vehicle dealer, Parkway Honda bore an affirmative duty to ensure the accuracy of odometer readings on the vehicles it services. Its own repair order recorded the 17,166-mile increase, yet it omitted the cluster replacement from that record, listed $0.00 in parts, and affixed a notice that was backdated and inconsistent with its records only after Mr. Paing complained.

41. Mr. Paing is entitled to three times his actual damages or $10,000, whichever is greater, together with costs and reasonable attorney's fees. 49 U.S.C. § 32710.

**COUNT II**

**Breach of the Implied Warranty of Merchantability, M.G.L. c. 106, § 2-314**

42. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

43. Parkway Honda is a merchant with respect to used motor vehicles, and the sale of the Vehicle carried an implied warranty that the Vehicle was merchantable. M.G.L. c. 106, § 2-314.

44. To be merchantable, goods must at least "pass without objection in the trade under the contract description." M.G.L. c. 106, § 2-314(2)(a).

45. The Vehicle was not merchantable. It was sold and described as a 2022 Honda Civic Sport, yet it displayed at the time of sale a blind-spot system error for a system the Sport trim does not have, and it now carries an instrument cluster mismatched to that trim and an odometer reading inflated by approximately 17,166 miles. A used vehicle in that condition would not pass without objection in the used-vehicle trade under the description of a 2022 Honda Civic Sport at its true mileage.

46. Any attempt by Parkway Honda to disclaim the implied warranty of merchantability is unenforceable in this consumer sale under M.G.L. c. 106, § 2-316A, and is further ineffective under 15 U.S.C. § 2308 because Parkway Honda entered into a service contract with Mr. Paing at the time of sale.

47. As a direct and proximate result, Mr. Paing has suffered damages measured by the difference between the value of the Vehicle as accepted and the value it would have had if it had been as warranted, together with incidental and consequential damages. M.G.L. c. 106, § 2-714.

**COUNT III**

**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.**

48. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

49. Mr. Paing is a "consumer," Parkway Honda is a "supplier" and "warrantor," and the Vehicle is a "consumer product," within the meaning of 15 U.S.C. § 2301. The Vehicle was subject to the implied warranty of merchantability arising under Massachusetts law, which the Magnuson-Moss Warranty Act incorporates.

50. Because Parkway Honda entered into a service contract with Mr. Paing at the time of sale, it could not disclaim the implied warranty of merchantability. 15 U.S.C. § 2308(a).

51. Parkway Honda failed to comply with the implied warranty of merchantability, as alleged in Count II. A consumer damaged by such a failure may bring suit under 15 U.S.C. § 2310(d)(1).

52. As a result, Mr. Paing is entitled to damages and, having finally prevailed, to recover his costs and expenses, including attorney's fees based on actual time expended, under 15 U.S.C. § 2310(d)(2).

**COUNT IV**

**Violation of M.G.L. c. 93A**

53. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

54. At all relevant times, Parkway Honda was engaged in trade or commerce within the meaning of M.G.L. c. 93A, and Mr. Paing was a consumer who purchased the Vehicle and its servicing for personal use. Unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful under M.G.L. c. 93A, § 2.

55. Parkway Honda committed unfair and deceptive acts and practices, including:

(a) installing a used instrument cluster bearing another vehicle's mileage, causing the Vehicle's odometer to register approximately 17,166 miles more than the Vehicle has actually traveled;

(b) failing to reset the replaced odometer to its prior reading or, if that could not be done, to zero, and failing to attach a proper, contemporaneous written notice to the Vehicle's left door frame, and instead affixing a backdated notice containing figures that do not reconcile with its own repair records, conduct that violates M.G.L. c. 266, § 141, and the federal Odometer Act, and is therefore a *per se* unfair or deceptive act under Chapter 93A;

(c) in violation of 940 CMR 5.05, issuing a repair invoice for the November 20, 2024 visit that listed $0.00 in parts, did not identify the instrument cluster installed, and did not state that the part supplied was used; and failing to remedy promptly, at no charge to Mr. Paing, repairs that were not performed in a good and workmanlike manner in accordance with accepted trade standards; and

(d) breaching the implied warranty of merchantability, as alleged in Count II, and failing to correct the Vehicle's defects.

56. Parkway Honda's acts and practices were the proximate cause of injury to Mr. Paing, who suffered a loss of money and property, including the diminished value of the Vehicle and out-of-pocket expenses.

57. Mr. Paing satisfied the demand requirement of M.G.L. c. 93A, § 9, by serving the written demand for relief described above, and Parkway Honda failed to make a reasonable written tender of settlement within thirty days.

58. Parkway Honda's violations of Chapter 93A were willful and knowing, and its refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that its acts and practices violated M.G.L. c. 93A, § 2, entitling Mr. Paing to recover two to three times his actual damages, together with reasonable attorney's fees and costs, under M.G.L. c. 93A, § 9.

**COUNT V**

**Violation of M.G.L. c. 266, § 141**

59. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

60. M.G.L. c. 266, § 141, imposes civil liability on whoever "uses, installs or has installed any device which causes an odometer to register any mileage other than the true mileage driven."

61. Parkway Honda installed in the Vehicle an instrument cluster that causes the Vehicle's odometer to register approximately 17,166 miles more than the true mileage driven.

62. Mr. Paing is entitled to three times his actual damages or $1,500, whichever is greater, together with the costs of this action and reasonable attorney's fees. M.G.L. c. 266, § 141.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lin Htet Paing respectfully requests that this Court:

(A) On Count I, enter judgment against Defendant Parkway Honda for three times Plaintiff's actual damages or $10,000, whichever is greater, together with costs and reasonable attorney's fees, under 49 U.S.C. § 32710;

(B) On Count II, enter judgment against Defendant Parkway Honda for Plaintiff's damages for breach of warranty, including the difference between the value of the Vehicle as accepted and as warranted, plus incidental and consequential damages, under M.G.L. c. 106, § 2-714;

(C) On Count III, enter judgment against Defendant Parkway Honda for Plaintiff's damages, together with costs and expenses, including attorney's fees, under 15 U.S.C. § 2310(d)(2);

(D) On Count IV, enter judgment against Defendant Parkway Honda for Plaintiff's actual damages, multiplied to two to three times that amount for Parkway Honda's willful and knowing violations, together with reasonable attorney's fees and costs, under M.G.L. c. 93A, § 9;

(E) On Count V, enter judgment against Defendant Parkway Honda for three times Plaintiff's actual damages or $1,500, whichever is greater, together with costs and reasonable attorney's fees, under M.G.L. c. 266, § 141;

(F) Award prejudgment interest and costs as permitted by law; and

(G) Award such other and further relief as the Court deems just and proper.

Plaintiff does not seek a double recovery and will elect among any overlapping or inconsistent remedies as appropriate before entry of judgment.

Respectfully submitted,

LIN HTET PAING,
By his attorney,

*/s/ Daniel S. Blinn*
Daniel S. Blinn, Esq. (BBO No. 565301)
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, Connecticut 06067
Tel: (860) 571-0408
dblinn@consumerlawgroup.com

Dated: November 16, 2026